**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**GIANCARLO SALDARRIAGA,**

                           Plaintiff,                              **MEMORANDUM**
                                                                 **AND ORDER**

       -against-                                          **20-CV-4099 (WFK)**

**TARADEX, INC., et al.,**

                           **Defendants.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       The Court grants in limited part only plaintiff's motion to compel (DE #17), to the extent described below.

       (1) Depositions: In response to plaintiff's demand that defendants be produced for deposition by January 29, 2021, defense counsel represent that they have no availability this month (see DE #19 at 2) but are prepared to produce defendants for deposition in February (DE #19 at 2-3; DE #20 at 2). As discovery is not scheduled to close until April 30, 2021, the Court fails to see how plaintiff will be "severely prejudiced" by deferring those depositions for a handful of weeks. Therefore, the Court declines to order that defendants be produced by January 29, 2021.

       That said, equally makeweight is defendants' claim that requiring them to be deposed before conducting the deposition of plaintiff will cause them unfair prejudice (DE #19 at 2; DE #20 at 2). Defendants have already received substantial information from plaintiff concerning the accident and plaintiff's injuries, as he was deposed in connection with his previous lawsuit concerning the same accident and defendants have been provided with the deposition transcript. Furthermore, as there is no priority of deposition in federal court, the Court does not approve the sequence and dates of depositions proposed by defendants. Counsel are directed to confer to reach agreement

regarding a mutually convenient schedule for depositions in February.

(2) <u>Discovery About Individual Defendants' Relationships</u>:  In response to plaintiff's request for a ruling as to the propriety of deposition questions regarding the familial relationships among the individual defendants, defense counsel argue (a) that the application is premature (DE #19 at 3; DE #20 at 3); and (b) that defendants Mustafa and Ayfer Karyagdi are married (DE #19 at 4; DE #20 at 3) and thus are entitled to object to questions that implicate the marital privilege (DE #19 at 4). The Court agrees that a ruling on any specific deposition question is premature, but hastens to add that defendants fail to explain how an inquiry as to whether and how the individual defendants are related to one another would be protected from disclosure by the marital privilege.  Absent a good faith basis for the assertion of a privilege in response to a deposition question, defendants must comply with the mandate of FRCP 30(c)(2): defense counsel may note on the record their objection to a deposition question, but must allow the deposition to proceed and the deposition to be taken subject to the objection.  Defendants are placed on notice that, if they interpose baseless claims of privilege that obstruct the deposition inquiry, the Court will not hesitate to impose sanctions.

(3) <u>Discovery Concerning Insurance Coverage</u>:  This aspect of plaintiff's motion has been rendered moot, as defendants have produced the policies (<u>see</u> DE #19 at 4 & DE #19-2; DE #20 at 2).

**SO ORDERED.**

**Dated:     Brooklyn, New York**
**January 6, 2021**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**